The opinion of the court was delivered on the original hearing by Spencer, J., and on the rehearing by Marr, J.
Spencer, J.
Walter O. Winn died in 1860, without ascendants or descendants. By olographic will he left his wife, Mary E. Winn, universal heir and legatee, and appointed her executrix. This will was duly probated, and she qualified as executrix. His estate was worth about half a million of dollars, and his debts about $120,000. The widow took possession of the estate, and seems to have dealt with it pretty much as her own from the death of her husband in 1860 to 1870, when her attorney filed what purports to be an account of her administration.
In the fall of 1862 she sold to E. M. and Jefferson Wells, for $20,000 cash in Confederate money, one fourth interest in the Lodi plantation in Rapides parish. The sale was one by public act, and duly recorded, and the purchaser went into immediate possession. In 1864 E. M. and Jeff. Wells transferred the property so acquired to their wives, the defendants, as a dation en paiement, by public act. In 1874 the public buildings and offices of that parish were destroyed by fire, and we have only secondary evidence of the contents and nature of this title from Mrs. Winn to the vendees aforesaid. The present suit is brought by the plaintiff as public administrator and dative executor of Walter O. Winn, the widow having been destituted by decree of court. The object of the suit is to recover and restore to the estate of Winn the fourth of said plantation so sold, and to annul the act of sale thereof, as having been made by the executrix without authority of law.
The defense is that Mrs. Winn was the universal heir and legatee; that she accepted the succession unconditionally, disposed of its effects as owner, and that thereby the estate of Winn ceased to exist and was *936 lost by confusion in that of the heir. Finally, the defendants plead the prescription of ten years.
Under the view we have taken of the case it will be unnecessary to decide the question whether a sole heir or universal legatee, who has been named, appointed, and qualified as executor, can by extra judicial acts of unconditional heirship, and without having previously provoked his discharge as executor, terminate the existence of the succession of which he is heir and executor.
We think that under the proofs in this record the plea of prescription must prevail. In determining this question it is matter of no moment whether Mrs. Winn was or not owner in law or fact; nor whether in law or fact she had a right to sell this property. If prescription could only be pleaded in favor of a party who had acquired from the true owner, or one having legal authority to sell, it would be a very useless right. The very object of this prescription is to quiet the titles of those who may have acquired from persons not owners, and having no right to sell; “ as happens to him,” says article 3451, O. C., “ who buys a thing which he supposes to belong to the person selling it to him, but which in fact belongs to another.” Again, article 3450 says; “ By the term just title in cases of prescription we do not understand that which the possessor may have derived from the real owner, for then no prescription would be necessary, but a title which the possessor may have received from any person whom he honestly believed to be the real owner, provided the title were such as to transfer the property.” Article 3485 : “ By the phrase transfer the property we understand not such a title as shall have really transferred the property, but a title which by its nature would have been sufficient to transfer the property, provided it had been derived from the real owner, such as a sale, exchange, etc.” So that the questions in this case are not whether Mrs. Winn was the owner, and had the right to sell the property, but whether the purchasers at the time of buying believed that she was owner, and whether the attempted transfer was sufficient in terms and of nature to transfer the property had it emanated from the true owner ? If so, and if the defendants have possessed as owners under such transfer, peaceably, publicly, continuously, and unequivocally, for ten years before this suit was brought, the prescriptive title is complete. See O. C. 3453.
There is no doubt that Mrs. Winn did in 1862, by public act duly recorded, sell and deliver to the defendants, E. M. and J. Wells, the land in controversy, at the price of §20,000 cash. Both vendees swear that they bona fide believed her to be absolute owner, and knew nothing of her holding the position as executrix of the deceased husband, of whom she was heir. That she treated the property as her own, and sold it to them as her own, and that they and their vendees have had *937 peaceable, public, continuous possession as owners ever since. Their evidence is, we think, in the main corroborated by that of Judge Ryan, who has for years, in fact since Winn’s death, been the attorney of the succession. There is no proof to the contrary of these statements. There is no evidence to show that E. M. and J. Wells at the time of their purchase knew that Mrs. Winn was executrix. It matters not what they knew afterward, since “ it is sufficient if possession has commenced in good faith.” C. C. 3448. “Good faith is always presumed in matters of prescription ; and he who alleges bad faith in the possessor must prove it.” O. 0. 3447.
Citations were issued and served in this suit in April, 1876, more than thirteen years after the date of the sale in question. The judgment below maintained the defendants’ title, and is, we think, correct.
• It is therefore ordered and decreed that the judgment appealed from be affirmed with costs.
The Chief Justice declined taking any part in the decision of this cause.